UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA J. KINDEL,<br><br>Plaintiff(s),<br>v.<br><br>LEGACY SALMON CREEK MEDICAL CENTER,<br><br>Defendant(s). | CASE NO. C26-1239-KKE<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Plaintiff, representing herself, filed a civil rights complaint in April 2026, and did not provide a mailing address at the time that she filed the complaint. Dkt. No. 1. United States Magistrate Judge Theresa L. Fricke filed a report emphasizing Plaintiff's obligation to provide a valid address and recommending that the Court dismiss the complaint for failure to prosecute. Dkt. No. 6. Judge Fricke's report and recommendation ("R&R") also stated that if the Court did not dismiss for failure to prosecute, the Court should find that Plaintiff's complaint fails to state a valid claim but that leave to amend should be provided. *Id*. at 10. After Judge Fricke's R&R was filed, Plaintiff provided an address but did not address the substance of the R&R.[1] Dkt. No. 7. Plaintiff notes that she was hospitalized from late May through mid-June 2026. *Id*.

[1] Thus, although Plaintiff's notice is styled as an "objection" on the docket (Dkt. No. 7), it was not written in response to Judge Fricke's R&R and is therefore TERMINATED.

Because Plaintiff has now provided a current address, the Court DECLINES TO ADOPT Judge Fricke's R&R to the extent it recommends dismissal for failure to prosecute. The Court does, however, agree with Judge Fricke's assessment of Plaintiff's claim for violation of her constitutional rights, however, and incorporates that analysis here.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

The first step in reviewing a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations are insufficient to state a claim. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 applies only to persons acting "under color of state law." *Parratt*, 451 U.S. at 535. A private hospital is generally not a state actor for purposes of § 1983 unless its conduct is "fairly attributable to the State." *West v. Atkins*, 487 U.S. 42, 49 (1988).

In her complaint, Plaintiff alleges that Legacy Salmon Creek Medical Center ("Medical Center") employees violated her rights under the Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment to the United States Constitution. Dkt. No. 1 at 29–30. She alleges that hate crimes were committed against her and that excessive force was used against her at the

Medical Center in 2023. *Id.* She alleges that she was admitted to and discharged from the Medical Center's emergency room in September 2023. *Id.* at 49. Plaintiff further alleges that she has a history of epilepsy, strokes, seizures, and related neurosurgical treatment. *Id.* at 50. According to the complaint, Plaintiff has no recollection of leaving the emergency room and regained awareness when two Medical Center security guards instructed her to leave the premises. *Id.* at 57. She claims that after her discharge, she was not permitted to remain in the hospital lobby despite experiencing continuing medical emergencies outside the facility. *Id.* at 66. Plaintiff further alleges that the treatment she received at the Medical Center ultimately resulted in her hospitalization for nearly three months at another hospital. *Id.* at 73. She seeks damages in the amount of $100 trillion, with current and future medical expenses, therapy costs, lost wages, and punitive damages. *Id.* at 76–78.

But Plaintiff alleges no facts showing that the Medical Center or its staff acted under color of state law. As a result, the Medical Center is not a proper defendant for a § 1983 claim, based on the allegations presented.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248–49 (9th Cir. 1995). Because Plaintiff is representing herself, the Court shall construe her pleadings liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Regardless, her complaint must still include factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff's complaint, even construed liberally, does not state a claim upon which relief can be granted, the Court DISMISSES Plaintiff's complaint.[2] No later than September 30, 2026, Plaintiff may file an amended complaint to correct these deficiencies. An amended complaint operates as a complete substitute for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, the Court will close this case.

The clerk is directed to send Plaintiff (1) the appropriate forms for filing a civil rights complaint, (2) a copy of this order, and (3) the Pro Se Guide to Filing Your Lawsuit in Federal Court; and to TERMINATE Plaintiff's objections (Dkt. No. 7).

Dated this 25th day of August, 2026.

Kymberly K. Evanson
United States District Judge

[2] As noted in Judge Fricke's R&R, "Plaintiff's complaint is focused on federal civil rights violations. It is possible she intends to also bring claims under state law, because within the civil rights allegations the complaint also refers to negligence, false imprisonment, assault, and infliction of emotional distress[.]" Dkt. No. 6 at 9. Judge Fricke's R&R also speculates that Plaintiff may have intended to bring a claim under the Americans with Disabilities Act. *Id.* at 6–9. Plaintiff shall clarify the nature of her claims, as needed, when she files an amended complaint.